FILED

2008 SEP 10  PM 1:32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FELOOR A. BRIKHO,

                Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

                Defendant.

CASE NO. 06-CV-2672W(RBB)

ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
(DOC. NO. 17.)
GRANTING IN PART AND
DENYING IN PART
DEFENDANT'S CROSS-
MOTION FOR SUMMARY
JUDGMENT, (DOC. NO.
23.) AND REMANDING
CASE FOR FURTHER
PROCEEDINGS

Plaintiff Feloor A. Brikho ("Plaintiff") seeks judicial review of Defendant Social Security Commissioner Michael J. Astrue's ("Defendant") determination that she is not entitled to disability benefits. On December 7, 2006, Plaintiff filed her Complaint for Judicial Review and Remedy on Administrative Decision under the Social Security Act. (Doc. No. 1.)  On April 11, 2007, Defendant filed an Answer and the Administrative Record.   (Docs. No. 9, 11.)

    The Court decides the matter on the papers submitted and without oral

1   argument.  See S.D. Cal. Civ. R. 7.1(d.1).  For the reasons outlined below, the Court

2   adopts the Magistrate's Report and Recommendation, **GRANTS** Plaintiff's Motion for

3   Summary Judgment, **DENIES IN PART AND GRANTS IN PART** Defendant's

4   Cross-Motion for Summary Judgment, and **REMANDS** the case for further

5   proceedings.

6

7   I.    BACKGROUND

8       Plaintiff was born in Iraq on January 24, 1960.  (Admin. R. 20, 65.)  She came

9   to the United States in 1982 and became a U.S. citizen in 1996.  (Id. at 62, 65.)

10   Plaintiff has seven years of formal education and only a limited ability to read and write

11   in English.  (Id. at 180.)  She does not have any past relevant work experience.  (Id. at

12   20.)  Plaintiff claims to be disabled due to back pain, leg pain, depression, weakness, and

13   memory problems.  (Id. at 20, 170, 181.)

14       On February 15, 2001, Plaintiff filed an application for Supplemental Security

15   Income ("SSI") payments  (Id. at 27.)  The Social Security Administration ("SSA")

16   denied her claim and upheld the denial following reconsideration.  (Id. at 29, 35.)  On

17   June 17, 2002, Plaintiff requested a hearing before an Administrative Law Judge

18   ("ALJ"), and a hearing was held before ALJ James S. Carletti .  (Id. at 39, 374.)  On

19   November 26, 2002, Judge Carletti issued a written decision, finding Plaintiff was not

20   disabled. (Id. at 19; see Supp. Admin. R..)

21       Plaintiff filed a request for review with the Appeals Council.  (Admin. R. at 19.)

22   On March 28, 2003, the denial of benefits became final when the Appeals Council

23   upheld the ALJ's decision .  (Id.)  Plaintiff did not seek judicial review of this decision.

24   On July 31, 2003, she instead filed a second application for SSI benefits.  (Id. at 19,

25   170.)  On March 20, 2004, the SSA denied this claim.  (Id. at 140.)  Plaintiff requested

26   reconsideration of the decision, and the decision was upheld.  (Id. at 144, 146.)  She

27   thereafter requested another hearing before an ALJ.  ALJ Larry B. Parker presided over

28   her hearing on March 1, 2005.  (Id. at 152, 359.)  L. Stewart testified at the hearing as

1  a vocational expert.  (Id. at 370.)

2       On April 27, 2005, Judge Parker issued a written decision.  (See id. at 19-26.)

3  Judge Parker denied Plaintiff benefits because he found that although she suffered from

4  a depressive disorder, she did not have a severe mental or physical impairment, and thus

5  was not disabled within the meaning of the Social Security Act during the relevant time

6  period.  (Id. at 25.)  On October 25, 2006, the SSA Appeals Council denied Plaintiff's

7  request for review of ALJ Parker's decision.  (Id. at 7.)

8       On December 7, 2006, Plaintiff commenced this action for judicial review

9  pursuant to 42 U.S.C. § 405(g).  (Compl. 1); see 42 U.S.C.A. § 405(g).  On September

10 21, 2007, Plaintiff filed a Motion for Summary Judgment requesting reversal of ALJ

11 Larry Parker's April 27, 2005 decision that she is not disabled.  Plaintiff alleges that ALJ

12 Parker erred by: (1) failing to give full consideration to statements made by Plaintiff's

13 brother about the severity of her impairments; (2) finding Plaintiff did not have a severe

14 mental impairment; (3) applying a prior unfavorable decision by ALJ Carletti, from

15 November 26, 2002, to create a presumption of nondisability; and (4) rejecting

16 Plaintiff's treating physician's opinion without making appropriate findings. (Pl.'s Mem.

17 P. & A. 4, 9, 12, 13.)   Plaintiff asks this Court to reverse the Commissioner's

18 determination and order the payment of benefits.  (Id. at 16-17.)

19      On November 20, 2007, Defendant filed a Cross-Motion for Summary Judgment

20 and Opposition to Plaintiff's Motion for Summary Judgment.   (Doc. No. 23.)

21 Defendant also lodged a supplement to the Administrative Record, which included the

22 November 26, 2002, decision of ALJ James S. Carletti.

23

24 II.   THE COURT ADOPTS THE MAGISTRATE'S REPORT AND RECOMMENDATION

25      Magistrate Judge Brooks' Report and Recommendation ("Report") recommended

26 that the Court grant Plaintiff's Motion for Summary Judgment on all four grounds.

27 Judge Brooks concluded that Plaintiff met her burden of establishing changed

28 circumstances regarding her greater mental disability in 2005 than at the time of the

1  original determination of nondisability in 2002.  He also found that the ALJ erred in

2  finding that Plaintiff's depression did not meet the standard for finding a severe mental

3  impairment.  Furthermore, Judge Brooks concluded that the ALJ did not appropriately

4  credit Plaintiff's brother's testimony regarding her disability.  Finally, Judge Brooks

5  found that the ALJ did not provide specific and legitimate support for his failure to

6  credit the opinion of Plaintiff's treating physician.

7      Judge Brooks also recommended that the Court grant the Defendant's Cross-

8  Motion for Summary Judgment on one ground: namely, that Plaintiff did not

9  sufficiently establish a change in her physical disability since the original nondisability

10  determination in 2002.  The Report recommends denial of the remainder of

11  Defendant's Cross-Motion.

12      Magistrate Judge Brooks issued his Report on August 14, 2008.  Objections to the

13  Report were due no later than August 29, 2008.  To date, neither party has submitted

14  objections nor requested additional time in which to do so.

15      A district court's duties concerning a magistrate judge's report and

16  recommendation and a respondent's objections thereto are set forth in Rule 72(b) of

17  the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections

18  are filed, the district court is not required to review the magistrate judge's report and

19  recommendation.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.

20  2003) (holding that 28 U.S.C. 636(b)(1)(c) "makes it clear that the district judge must

21  review the magistrate judge's findings and recommendations de novo if objection is

22  made, but not otherwise") (emphasis in original); Schmidt v. Johnstone, 263 F. Supp.

23  2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the

24  District Court had no obligation to review the magistrate judge's Report).  This rule of

25  law is well established within the Ninth Circuit and this district.  See Wang v. Masaitis,

26  416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only

27  required when an objection is made to the R & R.") (citing Renya-Tapia, 328 F.3d at

28  1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.)

1   (adopting the Magistrate's Report without review because neither party filed objections

2   despite the opportunity to do so, "accordingly, the Court will adopt the Report and

3   Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155,

4   1157 (S.D. Cal. 2004) (Benitez, J.).

5        Here, neither Plaintiff nor Defendant have tendered objections to the Report,

6   nor requested extension of time in which to do so.  The Court therefore accepts Judge

7   Brook's Report, herein incorporated by reference, and **GRANTS** Plaintiff's Motion for

8   Summary Judgment, **DENIES IN PART AND GRANTS IN PART** Defendant's

9   Cross-Motion for Summary Judgment, and **REMANDS** the case for further

10  proceedings.[1]

11

12  **IT IS SO ORDERED.**

13

14  **DATE: September 8, 2008**

15                                              HON. THOMAS J.  WHELAN
                                                United States District Court
16                                              Southern District of California

17

18

19

20

21

22

23

24

25

26      [1]Although the Magistrate Judge's Report is titled "Report and Recommendation
        Re: Granting Plaintiff's Motion for Summary Judgment, Denying Defendant's Cross-
27      Motion for Summary Judgment, and Remanding Case for Further Proceedings," the
        Court recognizes that Judge Brooks' determinations adopted by this Court actually
28      result in a partial grant and a partial denial for Defendant.  Therefore, the titling of the
        Court's final order reflects this result.